**ROBERT S. SOLA**
Oregon State Bar No. 84454
rssola@msn.com
Robert S. Sola, P.C.
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 295-6880
Facsimile (503) 291-9172
      Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **PHUNG PHI NGUYEN**, | Civil No. Cv 09-612-ST. |
| Plaintiff, | COMPLAINT |
| v. | (Fair Credit Reporting Act) |
| **TRANS UNION LLC**, a foreign corporation, **EQUIFAX INFORMATION SERVICES, LLC**, a foreign corporation, **EXPERIAN INFORMATION SOLUTIONS, INC.**, a foreign corporation, | Jury Trial Requested |
| Defendants. | |

1.

This court has jurisdiction under 15 U.S.C. §1681p.

2.

Plaintiff Phung Phi Nguyen ("plaintiff") is a consumer as defined by the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681a(c).

3.

Defendant Trans Union LLC ("Trans Union") is a consumer reporting agency as defined by FCRA, 15 U.S.C. §1681a(f).

Page 1 – COMPLAINT

4.

Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency as defined by FCRA, 15 U.S.C. §1681a(f).

5.

Defendant Experian Information Solutions, Inc. ("Experian") is a consumer reporting agency as defined by FCRA, 15 U.S.C. §1681a(f).

6.

Trans Union has prepared credit reports on plaintiff that contain false information, including an account that does not belong to her. Plaintiff has notified Trans Union on more than one occasion that she disputes the inaccurate information. Trans Union did not correct the disputed information. In response to one dispute, Trans Union deleted accurate information that plaintiff did not dispute. Trans Union provided plaintiff's credit reports to companies for use in transactions that do not involve plaintiff.

7.

Equifax has prepared credit reports on plaintiff that contain false information, including accounts that do not belong to her. Plaintiff has notified Equifax on more than one occasion that she disputes the inaccurate information. Equifax did not correct all the disputed information. Equifax provided plaintiff's credit reports to companies for use in transactions that do not involve plaintiff.

8.

Experian has prepared credit reports on plaintiff that contain false information, including an account that does not belong to her, a false name and a false social security number. Experian provided plaintiff's credit reports to companies for use in transactions that do not involve plaintiff.

FIRST CLAIM FOR RELIEF

(Against Trans Union)

(Negligent Noncompliance with FCRA)

9.

Plaintiff realleges and incorporates paragraphs 1, 2, 3 and 6.

10.

Trans Union negligently failed to comply with the requirements of FCRA.

11.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

12.

Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681o(a).

SECOND CLAIM FOR RELIEF

(Against Trans Union)

(Willful Noncompliance with FCRA)

13.

Plaintiff realleges and incorporates paragraphs 1, 2, 3 and 6.

14.

Trans Union willfully failed to comply with the requirements of FCRA.

15.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and

interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

16.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

### THIRD CLAIM FOR RELIEF

(Against Equifax)

(Negligent Noncompliance with FCRA)

17.

Plaintiff realleges and incorporates paragraphs 1, 2, 4 and 7.

18.

Equifax negligently failed to comply with the requirements of FCRA.

19.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

20.

Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681o(a).

### FOURTH CLAIM FOR RELIEF

(Against Equifax)

(Willful Noncompliance with FCRA)

21.

Plaintiff realleges and incorporates paragraphs 1, 2, 4 and 7.

22.

Equifax willfully failed to comply with the requirements of FCRA.

23.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

24.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

FIFTH CLAIM FOR RELIEF

(Against Experian)

(Negligent Noncompliance with FCRA)

25.

Plaintiff realleges and incorporates paragraphs 1, 2, 5 and 8.

26.

Experian negligently failed to comply with the requirements of FCRA.

27.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury.

28.

Plaintiff requests attorney fees pursuant to 15 U.S.C. §1681o(a).

SIXTH CLAIM FOR RELIEF

(Against Experian)

(Willful Noncompliance with FCRA)

29.

Plaintiff realleges and incorporates paragraphs 1, 2, 5 and 8.

30.

Experian willfully failed to comply with the requirements of FCRA.

31.

As a result of defendant's failure to comply with the requirements of FCRA, plaintiff has suffered, and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with plaintiff's normal and usual activities for which plaintiff seeks damages in an amount to be determined by the jury. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

32.

Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

Plaintiff requests a jury trial on all claims.

Prayer

WHEREFORE, plaintiff prays for judgment against defendant as follows:

On the First Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

On the Second Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

   On the Third Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

   On the Fourth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

   On the Fifth Claim for Relief:

1. Actual damages to be determined by the jury; and

2. Attorney fees.

   On the Sixth Claim for Relief:

1. Actual damages to be determined by the jury;

2. Punitive damages to be determined by the jury; and

3. Attorney fees.

   On All Claims for Relief:

1. Costs and expenses incurred in the action.


DATED this 3rd day of June 2009.

                                    Respectfully submitted,

                                    /s/ Robert S. Sola
                                    Robert S. Sola, OSB# 84454
                                    rssola@msn.com
                                    (503) 295-6880
                                    (503) 291-9172 (FAX)
                                    Attorney for Plaintiff